UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA - WEST PALM BEACH DIVISION

Gerardo Ortiz,
Plaintiff,

v.                                   Case No.: 9:25-cv-81087-WM

City of West Palm Beach,
Sgt. Malcon Allison (in individual and official capacity),
Officer Lovensky Mezadieu (in individual and official capacity),
Defendants.

```
┌─────────────────────────────┐
│ FILED BY ____ ᴄᴏ᷎ ____  D.C. │
│                             │
│      SEP 3 0 2025           │
│                             │
│     ANGELA E. NOBLE         │
│   CLERK U.S. DIST. CT.      │
│   S.D. OF FLA. – W.P.B.     │
└─────────────────────────────┘
```

---

AMENDED COMPLAINT
(42 U.S.C. Section 1983 - Federal Civil Rights Claims)

---

I. Jurisdiction and Venue

1. This is a civil action seeking relief for violations of the Plaintiff's federal constitutional rights under 42 U.S.C. Section 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3),(4) (civil rights jurisdiction).

3. Venue is proper in the Southern District of Florida under 28 U.S.C. Section 1391(b) because the events giving rise to this claim occurred in Palm Beach County, Florida.

II. Parties

4. Plaintiff Gerardo Ortiz is an individual and resident of Palm Beach County, Florida.

5. Defendant City of West Palm Beach is a municipal entity responsible for supervising the West Palm Beach Police Department and its officers.

6. Defendant Sgt. Malcon Allison is a sworn officer of the West Palm Beach Police Department sued in his individual and official capacity.

7. Defendant Officer Lovensky Mezadieu is a sworn officer of the West Palm Beach Police Department sued in his individual and official capacity.

III. Factual Background

8. On March 3, 2025, at approximately 1:40 a.m., Sgt. Allison arrived at Plaintiff's residence located at 2800 Georgia Avenue, West Palm Beach, FL 33405.

9. Sgt. Allison detained and arrested Plaintiff without probable cause, claiming Plaintiff was involved in a domestic incident at another address.

10. Sgt. Allison conducted a warrantless search of Plaintiff's vehicle, violating the Fourth Amendment.

11. Plaintiff was handcuffed and placed in the back of a police vehicle for more than 45 minutes, during which he experienced humiliation, anxiety, and emotional distress. Plaintiff was released on scene because the alleged victim failed to provide any evidence supporting the claims, confirming the detention was unlawful and depriving Plaintiff of personal liberty.

12. On March 6, 2025, at approximately 9:30 p.m., Sgt. Allison made his first visit to Plaintiff's girlfriend's workplace, ER Bradley's, located at 104 S Clematis St, West Palm Beach, FL 33401. Upon entering, he loudly shouted, "Who dates an Ortiz?" and then recognized Plaintiff's girlfriend from the prior incident at Plaintiff's residence. He disclosed Plaintiff's private criminal record, falsely labeled Plaintiff a "drug lord," told her she shouldn't date a guy like this, instructed her to Google his arrests, and gave her his personal phone number.

13. On March 12, 2025, at approximately 10:00 p.m., Officer Mezadieu arrived at Plaintiff's residence at 2800 Georgia Avenue, West Palm Beach, FL 33405, in retaliation for the complaint filed against Sgt. Allison.

14. Officer Mezadieu falsely claimed Plaintiff committed battery on a law enforcement officer, handcuffed Plaintiff, and held him without probable cause.

15. Plaintiff was restrained during this detention, further causing emotional distress, humiliation, and loss of liberty.

16. After being held for about 45 minutes, a supervisor arrived on scene, reviewed what was happening, and ordered Plaintiff's immediate release, telling Officer Mezadieu that he cannot hold Plaintiff without probable cause.

17. On April 24, 2025, at approximately 9:30 p.m., Sgt. Allison made his second visit to Plaintiff's girlfriend's workplace, ER Bradley's, located at 104 S Clematis St, West Palm Beach, FL 33401. Despite prior warnings, his return to the workplace constituted continued retaliation and intimidation, lingering and making eye contact, further escalating the harassment against Plaintiff and creating an intimidating environment for his girlfriend as a witness.

18. Plaintiff filed an additional complaint on April 25, 2025, documenting Sgt. Allison's harassment.

19. On July 25, 2025, Internal Affairs sustained Plaintiff's complaint, confirming the officers' misconduct.

20. As a result of these actions, Plaintiff suffered emotional distress, reputational harm, humiliation, and invasion of privacy.

## IV. Claims for Relief

### Count I - Fourth Amendment: Unlawful Search & Seizure (42 U.S.C. Section 1983)

21. Plaintiff repeats and realleges paragraphs 1-20.

22. Sgt. Allison violated Plaintiff's Fourth Amendment rights by conducting an unlawful vehicle search on March 3, 2025.

23. This unlawful search was conducted without probable cause, consent, or a warrant.

24. Plaintiff suffered damages as a direct result of this violation.

### Count II - Fourth & Fourteenth Amendments: False Arrest / False Imprisonment (42 U.S.C. Section 1983)

25. Plaintiff repeats and realleges paragraphs 1-24.

26. Sgt. Allison (March 3, 2025, at 1:40 a.m.) and Officer Mezadieu (March 12, 2025, at 10:00 p.m.) unlawfully detained and arrested Plaintiff without probable cause.

27. Plaintiff was handcuffed, placed in a police vehicle, and held for extended periods, including more than 45 minutes on March 3, causing significant emotional distress, humiliation, anxiety, and deprivation of personal liberty. He was released on scene due to lack of evidence from the alleged victim, further demonstrating the unlawfulness of the detention.

28. These actions violated Plaintiff's Fourth and Fourteenth Amendment rights and caused damages.

Count III - First Amendment Retaliation (42 U.S.C. Section 1983)

29. Plaintiff repeats and realleges paragraphs 1-28.

30. Officer Mezadieu and Sgt. Allison retaliated against Plaintiff for exercising his right to file complaints against police misconduct.

31. Retaliatory actions include:

- The March 12, 2025, false arrest by Officer Mezadieu.

- The March 6, 2025, and April 24, 2025, visits by Sgt. Allison to Plaintiff's girlfriend's workplace, which included harassment, intimidation, and disclosure of Plaintiff's private information.

32. These actions violated Plaintiff's First Amendment rights.

Count IV - Fourteenth Amendment: Due Process & Privacy Violation (42 U.S.C. Section 1983)

33. Plaintiff repeats and realleges paragraphs 1-32.

34. Sgt. Allison disclosed Plaintiff's confidential criminal record to Plaintiff's girlfriend during his visits on March 6, 2025, and April 24, 2025, and made false and defamatory statements labeling Plaintiff a "drug lord," constituting a violation of Plaintiff's Fourteenth Amendment rights to due process and privacy.

Count V - Witness Intimidation / Retaliation (42 U.S.C. Section 1983)

35. Plaintiff repeats and realleges paragraphs 1-34.

36. Sgt. Allison intimidated and attempted to influence Plaintiff's girlfriend by appearing at her workplace twice: first on March 6, 2025, and second on April 24, 2025. His actions included shouting, disclosing private criminal information, making defamatory statements, telling her not to date Plaintiff and to Google his arrests, giving his personal phone number, and lingering during his second visit, creating an intimidating environment.

37. These actions violated Plaintiff's rights under the First and Fourteenth Amendments.

Count VI - Municipal Liability (Monell Claim, 42 U.S.C. Section 1983)

38. Plaintiff repeats and realleges paragraphs 1-37.

39. The City of West Palm Beach failed to adequately train and supervise Sgt. Allison and Officer Mezadieu.

40. The City's policies, customs, or practices allowed officers to violate Plaintiff's constitutional rights, including unlawful searches, false arrests, retaliation, and witness intimidation.

41. These failures caused Plaintiff to suffer damages.

V. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Award compensatory damages in the amount of $1,000,000 for emotional distress, humiliation, loss of liberty, reputational harm, and privacy violations;

b. Award punitive damages in the amount of $500,000 against Sgt. Allison and Officer Mezadieu individually;

c. Total damages sought: $1,500,000;

d. Grant injunctive relief requiring the City of West Palm Beach to discipline officers, implement training, and prevent future retaliation;

e. Award costs of this action and reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

f. Grant any other relief the Court deems just and proper.

VI. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Gerardo Ortiz

_____

*(Write the full name of each plaintiff who is filing this complaint.  If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

City of west palm beach
Sgt. Malcon Allison
Officer Lovensky Mezadieu

*(Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.  Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

I.      **The Parties to This Complaint**

A.      **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                    Gerardo Ortiz
Street Address          800 ridgewood dr
City and County         West palm beach
State and Zip Code      FL 33405
Telephone Number        (561) 346-8703
E-mail Address          Standupforyourrights @gmail.com

B.      **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                    City of west palm beach
Job or Title
(if known)
Street Address          401 Clematis St.
City and County         West palm beach
State and Zip Code      FL 33401
Telephone Number
E-mail Address
(if known)

☐   Individual capacity          ☐   Official capacity

Defendant No. 2

Name                    Sgt Malcon allison
Job or Title            Sgt.

2

(if known)

Street Address    6000 Banyan blvd

City and County    West palm beach

State and Zip Code    FL 33401

Telephone Number    _____

E-mail Address    _____

(if known)

   ☒ Individual capacity      ☒ Official capacity

Defendant No. 3

Name    Officer Lovensky Mezadieu

Job or Title    Officer

(if known)

Street Address    6000 Banyan blvd

City and County    West palm beach

State and Zip Code    FL 33401

Telephone Number    _____

E-mail Address    _____

(if known)

   ☒ Individual capacity      ☒ Official capacity

Defendant No. 4

Name    _____

Job or Title    _____

(if known)

Street Address    _____

City and County    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

(if known)

   ☐ Individual capacity      ☐ Official capacity

3

II.     **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

      ☐      Federal officials (a *Bivens* claim)

      ☑      State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

_____

_____

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

_____

_____

_____

**III.   Statement of Claim**

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

_____

_____

_____

B.   What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

C.   What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IV.    **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_____
_____
_____
_____
_____
_____
_____
_____

V.    **Relief**

State briefly what you want the court to do for you.   Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

_____
_____
_____
_____
_____
_____
_____
_____

VI.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.**   **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____, 20___.

Signature of Plaintiff _____

Printed Name of Plaintiff  Gerardo Ortiz _____

**B.**   **For Attorneys**

Date of signing: _____, 20___.

Signature of Attorney _____

Printed Name of Attorney  _____
Bar Number  _____
Name of Law Firm  _____
Address  _____
Telephone Number  _____
E-mail Address  _____